TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00526-CV






Truck Insurance Exchange, Appellant


v.


Mid-Continent Casualty Company, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NO. D-1-GN-08-002627, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING






C O N C U R R I N G O P I N I O N



 I join in the majority's opinion except for its holding that appellant Truck Insurance
Exchange's contribution claim against appellee Mid-Continent Casualty Company is barred by
res judicata arising from Mid-Continent's prior federal court judgment. However, I agree with
the majority that the district court's summary judgment as to this claim should be affirmed based
on Mid-Continent's alternative ground that the "other insurance" clauses in the Truck and Mid-Continent policies negate a right of contribution on the part of Truck against Mid-Continent. See
Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765, 772 (Tex. 2007); Employers
Cas. Co. v. Transport Ins. Co., 444 S.W.2d 606, 609 (Tex. 1969); Traders & Gen. Ins. Co. v. Hicks
Rubber Co., 169 S.W.2d 142, 147 (Tex. 1943). Although the Fifth Circuit has recently concluded
that other-insurance clauses apply only to the duty to indemnify and not to the duty to defend,
and thus do not bar a contribution claim for defense costs, see Trinity Universal Ins. Co.
v. Employers Mut. Cas. Co., 592 F.3d 687, 694 (5th Cir. 2010), the controlling Texas Supreme Court
precedents that bind this Court appear to give effect to other-insurance clauses with respect to both
indemnity and defense costs, see Employers, 444 S.W.2d at 607 ("[T]he claim here is for a pro rata
part of the sums paid in settlement of the suit against the insured and as expenses in defending
the suit."); Hicks, 169 S.W.2d at 597 ("When [one insurer] refused to further assist in the defense
of the . . . suit, [the other co-insurer] shouldered the entire burden, including the appeals . . . . In so
doing it paid out more than two-thirds of the costs and expenses incurred."). Relying on these
precedents unless and until the supreme court tells us otherwise, I agree with the majority that
Truck's contribution claim for defense costs is barred as a matter of law.

 Accordingly, I join in the judgment and, with these qualifications, the
majority's opinion.



 __________________________________________

 Bob Pemberton, Justice

Before Justices Patterson, Puryear and Pemberton

Filed: August 27, 2010